UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>  Plaintiff,<br><br>  v.<br><br>THADD A. BLIZZARD, et al.,<br><br>  Defendants. | No. 2:23-cv-0024 KJM DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Raghvendra Singh is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) The complaint alleges that the defendants "are the state judges," that have "caused killings, suicides and terror . . . among minorities." (Compl. (ECF No. 1) at 1.)

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's complaint be dismissed without leave to amend.

////

1

## I. Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court, as explained by Rule 8 of the Federal Rules of Civil Procedure ("Rules"), are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Complaint

As noted above, the complaint alleges that the "defendants caused killings, suicides and terror . . . among minorities." (Compl. (ECF No. 1) at 1.) And that the "SacDA terrorized minorities." (Id.) In support of these allegations, the complaint refers to various state court cases involving the plaintiff, which the complaint alleges were "illegal, unconstitutional and 'beyond the jurisdiction of judges.'" (Id. at 3.)

For example, the complaint alleges that in "County of Sacramento v. Singh (Sacramento Superior Court Case No. 34-2013-00145898), the County requested Receiver was ordered to move the occupants but he did not do so." (Id.) The "properties were burned down and occupants were killed." (Id.) In "City of Placerville v. Rawat (El Dorado Superior Court Case No. PC20170462)" plaintiff's "properties were taken away[.]" (Id.) In "City of Elk Grove v. Rawat (Sacramento Superior Court Case No. 34-2017-000216691)" the judge "did not have subject jurisdiction and the jurisdiction on [plaintiff] and on properties[.]" (Id.)

Plaintiff is advised that under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state

3

1 court orders and judgments, but to interlocutory orders and non-final judgments issued by a state

2 court as well.  Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001);

3 Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

4       The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state

5 court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties

6 do not directly contest the merits of a state court decision, as the doctrine prohibits a federal

7 district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a

8 state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008)

9 (internal quotation marks omitted).  "A suit brought in federal district court is a 'de facto appeal'

10 forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly

11 erroneous decision by a state court, and seeks relief from a state court judgment based on that

12 decision.'"  Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d

13 at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman

14 doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in

15 'which a party losing in state court' seeks 'what in substance would be appellate review of the

16 state judgment in a United States district court, based on the losing party's claim that the state

17 judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S.

18 997, 1005-06 (1994), cert. denied 547 U .S. 1111 (2006)).  "Thus, even if a plaintiff seeks relief

19 from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also

20 alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal.  As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

25 Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a

26 district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the

27 state court had not passed directly on those claims, when the constitutional attack [is]

28 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n.

1    16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the
2    federal court action are 'inextricably intertwined' with the state court's decision such that the
3    adjudication of the federal claims would undercut the state ruling or require the district court to
4    interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16,
5    485).
6        Here, it appears that plaintiff is a state-court loser complaining of injuries caused by state-
7    court judgments rendered before this action commenced and is inviting the court to review and
8    reject those judgments. Moreover, the complaint alleges that the "Defendants are the State
9    Judges." (Compl. (ECF No. 1) at 2.) Judges, however, are absolutely immune from suit for acts
10   performed in a judicial capacity. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 &
11   n.10 (1993); Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 357-60
12   (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges are immune
13   from damage actions for judicial acts taken within the jurisdiction of their courts.").

**III.    Leave to Amend**

15       For the reasons stated above, plaintiff's complaint should be dismissed. The undersigned
16   has carefully considered whether plaintiff may amend the complaint to state a claim upon which
17   relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith,
18   prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d
19   1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,
20   701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the
21   court does not have to allow futile amendments).
22       Here, given the defects noted above, the undersigned finds that granting plaintiff leave to
23   amend would be futile.
24   ////
25   ////
26   ////
27   ////
28   ////

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. The complaint filed January 6, 2023 be dismissed without leave to amend;

2. Plaintiff's January 6, 2023 application to proceed in forma pauperis (ECF No. 2) be denied; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 24, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\singh0024.dism.f&rs