1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Raghvendra Singh,                               No. 2:23-cv-00024-KJM-DB

12                         Plaintiff,                  ORDER

13          v.

14    Thadd A. Blizzard, et al.,

15                         Defendants.

16

17          Plaintiff Raghvendra Singh is proceeding in this action without an attorney.  The matter

18    was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).  In response

19    to Singh's motion to proceed in forma pauperis, the Magistrate Judge screened the complaint

20    under 28 U.S.C. § 1915(e)(2) and issued findings and recommendations that the complaint be

21    dismissed without leave to amend.  *See generally* F&Rs, ECF No. 3.  Plaintiff objected to the

22    findings and recommendations.  *See generally* Objs., ECF No. 4.

23          According to Singh's complaint, the defendants are state court judges who presided over

24    cases in which he was named as a defendant.  *See* Compl. at 1–2, ECF No. 1.  He alleges he never

25    received copies of the complaints in these cases and could not defend his interests, and as a result,

26    his properties were "taken away."  *See id.*  The Magistrate Judge recommends dismissing these

27    claims as barred by the *Rooker–Feldman* doctrine, which prohibits federal district courts from

28    hearing de facto appeals from state court judgments.  *See* F&Rs at 3–5, ECF No. 3; *see also*

                                                    1

1    *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v.*

2    *Feldman*, 460 U.S. 462 (1983).  That is, more precisely, "[i]f a federal plaintiff asserts as a legal

3    wrong an allegedly erroneous decision by a state court, and seeks relief from a state court

4    judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal

5    district court.  If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal

6    act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction." *Noel v. Hall*,

7    341 F.3d 1148, 1164 (9th Cir. 2003).

8         The *Rooker–Feldman* doctrine requires federal district courts to draw careful distinctions

9    between the actions and omissions of adverse parties on the one hand and erroneous decisions by

10   state courts on the other; plaintiffs can pursue federal claims about an adversary's wrongdoing,

11   but not a state court's legal errors.  *See id.*  A "corollary" follows from this distinction: the

12   *Rooker–Feldman* doctrine does not bar a federal district court from hearing a plaintiff's claim that

13   he was the victim of an "extrinsic fraud." *See Benavidez v. County of San Diego*, 993 F.3d 1134,

14   1143 (9th Cir. 2021); *see also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–41 (9th Cir. 2004).

15   An "extrinsic fraud" is "conduct which prevents a party from presenting his claim in court."

16   *Kougasian*, 359 F.3d at 1140 (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)).

17   "Extrinsic fraud on a court is, by definition, not an error by that court.  It is, rather, a wrongful act

18   committed by the party or parties who engaged in the fraud." *Id.* at 1141.

19        Some of Singh's allegations appear to target the wrongs of his adversaries, not legal errors

20   by the state court.  He alleges, for example, that he never received service of the complaint and

21   could not defend his interests even though "every party knew Singh [was] the real owner." *See*

22   Compl. at 1–2.  This allegation suggests an extrinsic fraud on the state court. *Cf., e.g.*, *Benavidez*,

23   993 F.3d at 1143–44 (no advance notice of medical examination); *Kougasian*, 359 F.3d at 1140

24   (last-minute declaration and refusals to submit to deposition).  This court can hear those claims.

25   Other allegations in his complaint suggest he is challenging the state court's legal decisions. *See,*

26   Compl. at 1 (alleging state courts lacked jurisdiction over properties in other counties); *id.* at 2

27   (alleging state court wrongly lowered the priority of an IRS lien).  This court cannot hear those

28   claims.  They are forbidden de facto appeals.

1    When a lawsuit "is, in part, a forbidden de facto appeal from a judicial decision of a state

2    court," the federal court "must refuse to hear the forbidden appeal." *Noel*, 341 F.3d at 1158. "As

3    part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably

4    intertwined' with an issue resolved by the state court in its judicial decision." *Id.* An issue is

5    "inextricably intertwined" if, for example, it is "closely related" to the barred claims, *Kougasian*,

6    359 F.3d at 1142, if it appears to be an attempted "end run" around the *Rooker–Feldman* bar, *id.*,

7    or if it is "contingent upon a finding that the state court decision was in error," *Cooper v. Ramos*,

8    704 F.3d 772, 782 (9th Cir. 2012). Singh's claim that he was never served and could not defend

9    his interests are not related to his claims that the state court lacked jurisdiction or wrongly

10   reduced the priority of an IRS lien. That claim is not barred by the *Rooker–Feldman* doctrine.

11   The Magistrate Judge also recommends dismissing Singh's complaint because the

12   defendants are state court judges who enjoy judicial absolute immunity. *See* F&Rs at 5. The

13   court agrees Singh cannot pursue claims against state court judges. *See, e.g.*, *Mireles v. Waco*,

14   502 U.S. 9, 9 (1991) (per curiam) (collecting authority). "[T]he immunity is overcome in only

15   two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions.

16   Second, a judge is not immune for actions, though judicial in nature, taken in the complete

17   absence of all jurisdiction." *Id.* at 11. The allegations in Singh's complaint do not permit the

18   court to infer that the defendant judges were not acting in a judicial capacity or were acting in the

19   complete absence of all jurisdiction. He alleges they misinterpreted the law and issued orders

20   beyond their authority. *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978) ("[I]f a judge

21   of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting

22   in excess of his jurisdiction and would be immune."). The court therefore adopts the Magistrate

23   Judge's recommendation to dismiss the complaint based on the defendants' judicial absolute

24   immunity.

25   It is possible Singh could assert valid claims against different defendants if he is permitted

26   to amend his complaint. The Court therefore declines to adopt the Magistrate Judge's

27   recommendation to dismiss without leave to amend. The complaint is dismissed with leave to

28   amend. The Magistrate Judge recommends denying Singh's motion to proceed in forma pauperis

based on her conclusion that Singh could not pursue a viable claim.  *See* F&Rs at 2, 6.  For the reasons above, the court declines to adopt that recommendation.

In conclusion, the court orders as follows:

(1) The findings and recommendations (ECF No. 3) are **adopted in part** as explained above.

(2) The complaint is **dismissed with leave to amend**.  Any amended complaint must be filed **within thirty days**.

(3) This matter is **referred back** to the assigned Magistrate Judge for all further pretrial proceedings, including the pending motion to proceed in forma pauperis (ECF No. 2), which **remains pending**.

IT IS SO ORDERED.

DATED:  August 18, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE