UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THADD A. BLIZZARD, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-0024 KJM DB PS<br><br><br>ORDER |

　　　　Plaintiff Raghvendra Singh is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, amended complaint, motion to appoint counsel, and motion to stay these proceedings. (ECF Nos. 2, 6, 7.) The amended complaint alleges that the defendants "sold Singh's properties without informing Singh." (Am. Compl. (ECF No. 6) at 1.)

　　　　The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's amended complaint is deficient. Accordingly, the amended complaint will be dismissed with leave to amend, and plaintiff's motion to appoint counsel and motion to stay will be denied without prejudice to renewal.

////

1

## I. Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

1   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

2   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

3   conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

4   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

5       The minimum requirements for a civil complaint in federal court, as explained by Rule 8

6   of the Federal Rules of Civil Procedure ("Rules"), are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

10  Fed. R. Civ. P. 8(a).

11  **II.     Plaintiff's Amended Complaint**

12      The amended complaint consists of 1 page of vague and conclusory allegations.  In this

13  regard, the amended complaint alleges that in "People vs Rawat (Sacramento Superior Court Case

14  #34-2020-00281126-CU-PT), Singh was a named defendant" but "was NEVER served with the

15  complaint[.]"  (Am. Compl. (ECF No. 6) at 1.)  However, the defendants "sold Singh's properties

16  without informing Singh" while acting "on the behalf of Sacramento County."  (Id.)  The

17  amended complaint alleges this was a violation "of many laws[.]"  (Id.)  In "City of Elk Grove v.

18  Rawat (Sacramento Superior Court Case No. 34-2017-00216691" plaintiff's "properties were

19  taken away . . . without even serving" plaintiff.  (Id.)

20      Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

21  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

22  state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

23  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

24  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

25  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

26  enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

27  557).  A plaintiff must allege with at least some degree of particularity overt acts which the

28  defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

It may be that plaintiff is attempting to allege a claim of extrinsic fraud.  Extrinsic fraud occurs "when a party is denied a fair adversary hearing because he ha[s] been deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense."  In re Marriage of Stevenot, 154 Cal.App.3d 1051, 1064 (1984) (quotation omitted).   "[A] plaintiff in federal court can seek to set aside a state court judgment obtained through extrinsic fraud."  Kougasian v. TMSL, Inc., 359 F.3d 1136, 1141 (9th Cir. 2004).

However, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P 9(b).  "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'"  Bly–Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).

Circumstances that must be stated with particularity pursuant to Rule 9(b) include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)).  Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"  Vess v. Ciba—Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).  Here, the amended complaint is devoid of factual allegations.

////

////

### III. Further Leave to Amend

For the reasons stated above, plaintiff's amended complaint must be dismissed. The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that further leave to amend would be futile. Plaintiff's amended complaint will therefore be dismissed, and plaintiff will be granted leave to file a second amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file a third amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete

5

1 in itself without reference to prior pleadings. The second amended complaint will supersede the
2 amended complaint, just as the amended complaint superseded the original complaint. See Loux
3 v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the
4 initial complaint filed in the case, each defendant must be listed in the caption and identified in
5 the body of the complaint, and each claim and the involvement of each defendant must be
6 sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include
7 concise but complete factual allegations describing the conduct and events which underlie
8 plaintiff's claims.

**IV.     Motion to Appoint Counsel and Stay**

Plaintiff is informed that federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, plaintiff's amended complaint has been dismissed with leave to amend. Accordingly, at this time, the undersigned cannot find that plaintiff is likely to succeed on the merits. Plaintiff's motion for the appointment of counsel, therefore, will be denied without prejudice to renewal.

Plaintiff also requests that this action be stayed because plaintiff "will not be available in this case for some time" due to plaintiff's incarceration. (ECF No. 7 at 1.) The United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v.

1  North American Co., 299 U.S. 248, 254-55 (1936).  In this regard, "the proponent of the stay
2  bears the burden of establishing its need."  Clinton v. Jones, 520 U.S. 681, 706 (1997).
3       Here, plaintiff has not satisfied the burden of establishing a need for a stay.  While the
4  undersigned is cognizant of the challenges faced by litigants proceeding pro se while
5  incarcerated, it is extremely common for litigants to proceed under those circumstances.
6  Plaintiff's motion, therefore, will be denied without prejudice to renewal.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  The amended complaint filed September 8, 2023 (ECF No. 7) is dismissed with leave to amend.[1]

2.  Within twenty-eight days from the date of this order, a second amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2]  The second amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint."

3.  Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

4.  Plaintiff's September 8, 2023 motion to appoint counsel and stay (ECF No. 7) is denied without prejudice to renewal.

Dated:  May 30, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\singh0024.dism.lta.ord

---

[1] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.