1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAGHVENDRA SINGH,                    No.  2:23-cv-0024 DC SCR PC

12              Plaintiff,

13         v.                             ORDER AND FINDINGS AND
                                          RECOMMENDATIONS
14   THADD A. BLIZZARD, et al.,

15              Defendants.

16

17

18         Plaintiff Raghvendra Singh is proceeding pro se in this action, which was referred to the

19   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20   before the court are Plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915,

21   and Plaintiff's Second Amended Complaint ("SAC").  (ECF Nos. 2, 14.)

22         The court is required to screen complaints brought by parties proceeding in forma

23   pauperis.  See 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

24   2000) (en banc).  Plaintiff's SAC is legally deficient and is also duplicative of other of his actions

25   that this Court has dismissed.  Plaintiff has already had two other opportunities to amend his

26   complaint.  Accordingly, the undersigned recommends that the SAC be dismissed without leave

27   to amend.

28   *////*

                                          1

## I.    Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). The Court will grant Plaintiff's motion to proceed IFP. However, the Court must still undertake the screening required by 28 U.S.C. § 1915(e) to determine whether Plaintiff's case may proceed. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is legally frivolous when it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## II.    Plaintiff's SAC

The SAC consists of three pages of vague and conclusory allegations against two cities (Placerville and Elk Grove) and several individual defendants whose precise roles the allegations are not well explained. As best as the undersigned can tell, Plaintiff has a range of grievances concerning prior state court cases, an IRS investigation, and the "taking" of his property. The

2

1   Court twice granted Plaintiff leave to amend in order to address similar problems of vague and

2   conclusory allegations in his prior pleadings.  (ECF Nos. 3, 5, 8.)

3          Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

4   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

5   state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); *Jones v.*

6   *Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

7   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

8   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

9   enhancements.'"  *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555,

10  557).  A plaintiff must allege with at least some degree of particularity overt acts which the

11  defendants engaged in that support the plaintiff's claims.  *Jones*, 733 F.2d at 649.  Plaintiff has

12  again failed to satisfy Rule 8's basic pleading requirements as it is not clear what the defendants

13  are alleged to have done that violated his rights.

14         The Court also lacks jurisdiction to review Plaintiff's challenges to state court cases

15  against his wife or ex-wife, Rawat Singh, which he alleges affected his rights.  The Court takes

16  judicial notice of court records from those cases.  He complains that he "was a named defendant"

17  in *People v. Rawat*, Case No. 34-2020-00281126 (Sacramento Cty. Sup. Ct.), but "was NEVER

18  served with the complaint[.]"  However, Plaintiff was *not* in fact a named defendant in *People v.*

19  *Rawat* and, in any event, already challenged the alleged notice in that case in state court.  The trial

20  and appellate courts ruled against him.  *See People v. Rawat Singh*, 2025 WL 257861 (3d Dist.

21  Ct. App. Jan. 21, 2025) (affirming the trial court's denial of Raghvendra Singh's attempts as a

22  "non-party" to attempt to dismiss the case).  He also complains that in *City of Placerville v.*

23  *Rawat*, Case No. PC20170462 (El Dorado Cty. Sup. Ct.) the "priority" of an IRS lien was

24  "lowered by the State Judge," which allegedly inhibited his rights to "pay taxes" and was done

25  without notice.  Finally, he complains about a lack of jurisdiction and absence of notice in *City of*

26  *Elk Grove v. Rawat*, Case No. 34-2017-00216691 (Sacramento Cty. Sup. Ct.).  In Plaintiff's

27  appeal of his criminal conviction for forgery in a related case, the appellate court described

28  Plaintiff's unsuccessful attempts to cross complain in *City of Elk Grove v. Rawat*.  *See People v.*

1     *Singh*, 2024 WL 2985053 (June 14, 2024).[1]

2          All of these state court cases involved unfavorable outcomes for Plaintiff, which he now

3     apparently asks this Court to review and overturn.  The Court lacks jurisdiction to do that under

4     the *Rooker-Feldman* doctrine.  "It is a forbidden *de facto* appeal under *Rooker-Feldman* when the

5     plaintiff in federal district court complains of a legal wrong allegedly committed by the state

6     court, and seeks relief from the judgment of that court."  *Noel v. Hall*, 341 F.3d 1148, 1163 (9th

7     Cir. 2003).  That is exactly what Plaintiff appears to be doing here.

8          Finally, the SAC—and this case as a whole—should be dismissed because it is duplicative

9     of other cases he has filed in this Court.  District courts' discretion to control their dockets

10     includes discretion to dismiss "a duplicative later-filed action[.]"  *Adams v. Cal. Dept. Of Health*

11     *Services*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Thompson v. Hous. Auth. of City of Los*

12     *Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)).  Moreover, "[a] complaint 'that merely repeats

13     pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e).  <u>Cato</u>

14     <u>v. United States</u>, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting <u>Bailey v. Johnson</u>, 846 F.2d

15     1019, 1021 (5th Cir. 1988)).  "Dismissal of the duplicative lawsuit, more so than the issuance of a

16     stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive

17

18     [1] As explained by the appellate court:

19          Because [Raghvendra Singh] was not the record owner of the property, the city did not
         name him in the lawsuit. Rawat filed a cross-complaint against the city and defendant.

20          The trial court bifurcated the cross-complaint portion of the case so that the original
         portion of the lawsuit could proceed. Even though defendant [Raghvendra Singh] was a

21          witness, not a party, in the main lawsuit, he filed several motions in the case.

22          After Hobbs [a city-appointed receiver of property] secured a judgment against Rawat,

23          defendant [Raghvendra Singh] filed a handwritten motion to set aside the judgment,
         disqualify Hobbs, and enter judgment in defendant's favor. Attached to the motion was a

24          handwritten proof of service, which listed Hobbs as a person served. However, Hobbs was
         not served. Hobbs recognized the handwriting in the motion and the proof of service as

25          defendant's. Hobbs opposed the motion on the bases that: the proof of service was
         defective for not including the date and manner of service, defendant lacked standing to

26          file the motion, and the motion was untimely. Ultimately, the trial court denied
         defendant's motion.

27

28     *Id.*. at *1.

1    disposition of litigation.'" *Adams*, 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled

2    on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

3         In *Singh v. City of Elk Grove, et al*., Case No. 2:23-cv-00052 DAD CKD, Plaintiff sued

4    the City of Elk Grove and Jonathan Hobbs, both of whom are sued in the instant case, among

5    others.  Plaintiff made the same kind of vague and conclusory allegations about state court

6    proceedings that he makes in the instant case.  The magistrate judge recommended dismissal for

7    lack of jurisdiction, which the district judge adopted.  In *Singh v. City of Placerville*, 2:23-cv-

8    00054 DAD KJN, Plaintiff sued the City of Placerville and several individuals.  That case, like

9    the instant case, "appears to request this court intervene in" state court cases.  *Id*., ECF No. 3 at 3.

10   The magistrate judge recommended dismissal for several reasons, including lack of jurisdiction,

11   which the district judge adopted.  The repetitiveness of plaintiff's instant lawsuit warrants

12   dismissal without leave to amend pursuant to § 1915(e).  *See Denton v. Hernandez*, 504 U.S. 25,

13   30 (1992) (recognizing Congress' concern regarding IFP litigants "filing frivolous, malicious, or

14   *repetitive* lawsuits") (emphasis added).

15   **III.     Further Leave to Amend Would be Futile**

16        For the reasons stated above, plaintiff's amended complaint must be dismissed.  The

17   undersigned has carefully considered whether plaintiff may further amend the complaint to state a

18   claim upon which relief can be granted.  "Valid reasons for denying leave to amend include

19   undue delay, bad faith, prejudice, and futility."  *California Architectural Bldg. Prod. v.*

20   *Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n*

21   *v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to

22   amend shall be freely given, the court does not have to allow futile amendments).  Given that

23   Plaintiff has already twice been given an opportunity to file an amended pleading and that the

24   instant case is duplicative of other cases that have been dismissed, the undersigned finds that

25   leave to amend would be futile.

26                              **CONCLUSION**

27        Accordingly, IT IS HEREBY ORDERED that:

28        Plaintiff's motion to proceed in forma pauperis is granted (ECF No. 2).

IT IS FURTHER RECOMMENDED that

1.   The second amended complaint be dismissed without leave to amend; and

2.   The Clerk enter judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 19, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6